IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN GIERKE, on behalf of plaintiff and a class, ) ) ) ) Plaintiff, ) v. ) ) CODILIS AND ASSOCIATES, P.C., ) ) Defendant. ) | Case No. 15 C 11618 Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Justin Gierke filed a one-count putative class action complaint against defendant Codilis and Associates, P.C. ("Codilis"), alleging that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Defendant filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, defendant's motion is granted.

## BACKGROUND[1]

Plaintiff alleges that defendant, a law firm, has been attempting to collect from him a loan, secured by his home, that is insured by the Federal Housing Authority ("FHA").[2] According to the complaint, the loan in question originated in 2013. Since that time, plaintiff "encountered financial hardship and fell behind on his mortgage payments." Plaintiff alleges that defendant filed a foreclosure action against him in DuPage County, Illinois on February 17,

---

[1] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

[2] Although not made clear by the complaint, the foreclosure complaint indicates that defendant was attempting to collect the loan on behalf of Village Capital Investment, LLC, the original mortgagee.

2015. The form foreclosure complaint filed by defendant in state court, which is attached to the complaint as Appendix A, includes a paragraph to identify the "Names of defendants claimed to be personally liable for deficiency, if any." Defendant identified plaintiff as personally liable for any deficiency in this section.

Plaintiff alleges that the FHA "narrowly limits the circumstances under which a deficiency will be sought to cases where the borrower committed fraud or engaged in a 'strategic' default." According to the complaint, the "FHA does not authorize deficiencies where, as here, plaintiff suffered a financial emergency or hardship." The complaint, citing a letter from the United States Department of Housing and Urban Development ("HUD") (attached as Appendix D), further alleges that the FHA has not pursued a personal deficiency judgment against any Illinois homeowner in the past three years. Plaintiff alleges that "[d]efendant, which regularly enforces FHA mortgage loans, knows or should know that there is essentially zero likelihood that a personal deficiency will be authorized to be sought on an FHA loan." The complaint alleges that "[b]y representing that a deficiency judgment will be sought if the sale of the property does not satisfy the debt, when it is virtually certain under the FHA regulations and policies that no deficiency will be authorized to be sought on an FHA loan, defendant" violated the FDCPA.

## DISCUSSION

**1.     Legal Standard**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th

2

Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint allege more than legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**2.     Analysis**

Defendant argues that plaintiff's complaint should be dismissed for failure to state a claim because it "did not make a false or misleading representation under § 1692e of the FDCPA in the foreclosure complaint as the foreclosure plaintiff at all relevant times retained the right to seek a personal deficiency from Plaintiff based upon the plain language of the FHA regulations." According to defendant, the fact that the FHA ultimately may not authorize a deficiency judgment, does not make the allegations in the foreclosure complaint false or misleading. The court agrees.

"In Illinois, 'the right in any foreclosure proceedings to proceed against the property and, in addition to secure a money judgment for any deficiency, provided the creditor receives only one satisfaction, is clear.'" In re Linane, 291 B.R. 457, 460 (N.D. Ill. 2003) (quoting Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1265-66 (7th Cir. 1986)); see also 735 ILCS 5/15-1508(e) ("[A] judgment may be entered for any balance of money that may be found due to the

plaintiff, over and above the proceeds of the sale or sales."). As such, Illinois's mortgage foreclosure laws provide that a foreclosure complaint may include a section identifying the defendant or defendants claimed to be personally liable for any deficiency. 735 ILCS 5/15-1504(a)(3)(M) ("Names of defendants claimed to be personally liable for deficiency, if any:"). Here, plaintiff, as the mortgagor, is the party liable for any deficiency following the foreclosure action, regardless of whether the FHA has assumed the obligation to pay a deficiency by insuring the loan. Accordingly, defendant's allegation in the foreclosure complaint that plaintiff is claimed to be personally liable for any deficiency is a true statement. Whether HUD subsequently requests or requires the mortgagee to seek a personal deficiency judgment against plaintiff pursuant to 24 C.F.R. § 203.369 does not alter the accurate nature of this allegation.

Moreover, defendant did not, as plaintiff asserts, "request[ ] a deficiency without being authorized to do so." Instead, consistent with Illinois's foreclosure laws, defendant preserved its ability to secure a deficiency judgment by including a request for such a judgment "if applicable and sought." See 735 ILCS 5/15-1508(e) ("In any order confirming a sale pursuant to the judgment of foreclosure, the court shall also enter a personal judgment for deficiency against any party (i) if otherwise authorized and (ii) *to the extent requested in the complaint* and proven upon presentation of the report of sale . . . ." (Emphasis added)). More importantly, plaintiff has not identified, nor can the court find any law or regulation requiring a mortgagee to obtain authorization from the FHA/HUD prior to seeking a deficiency judgment. While 24 C.F.R. § 203.369(a)(1) provides that HUD "may require the mortgagee diligently to pursue a deficiency judgment in connection with any foreclosure," nothing in the regulations prohibit the mortgagee from seeking such a judgment on its own. In fact, 24 C.F.R. § 203.402(o), which states that

4

"The insurance benefits paid in connection with foreclosed properties . . . shall include . . . . In any case in which the Commissioner, pursuant to § 203.369, requires or requests that the mortgagee seek a deficiency judgment, an amount necessary to reimburse the mortgagee for those additional costs," seems to suggest the opposite. Because plaintiff's complaint fails to identify a false or misleading representation in the foreclosure complaint, he has failed to state a claim upon which relief can be granted under the FDCPA.[3]

Plaintiff's attempt to analogize the facts presently before the court to cases in which a debt collector sends threatening letters to a mortgagor is unpersuasive. As an initial matter, in Lox v. CDA, Ltd., 689 F.3d 818, 823-24 (7th Cir. 2012), the Seventh Circuit held that the defendant had violated the FDCPA by stating in a letter to the mortgagor that if legal action was taken to collect the debt in question the court could award attorney's fees to the mortgagee. Because an award of attorney's fees was not possible, even with a legal judgment in favor of the mortgagee, the Seventh Circuit held that the statement was false. Id. at 824. As discussed above, because a deficiency judgment against plaintiff is possible, regardless of HUD's current policy,[4] defendant did not make a false statement.

Plaintiff's reliance on United States v. Nat'l Fin. Serv., Inc., 98 F.3d 131 (4th Cir. 1996), is equally misplaced. In Nat'l Fin. Serv., the Fourth Circuit held that a collection notice violates

---

[3] Plaintiff's claims pursuant to § 1692f(1) fail for the same reason. Because Illinois law permits a mortgagee to secure a money judgment for a deficiency, plaintiff has failed to state a claim pursuant to § 1692f(1), which prohibits attempting to collect a debt unless it is permitted by law.

[4] For example, as defendant points out, defendant does not know at the time of filing the foreclosure complaint whether plaintiff has engaged in fraud or is a serial defaulter, thereby making it more likely that HUD will require the mortgagee to seek a deficiency judgment.

§ 1692e(5) "if (1) a debtor would reasonably believe that the notices threaten legal action; and (2) the debt collector does not intend to take legal action." 98 F.3d at 135. Here, the defendant has in fact taken legal action, and thus the statement at issue is not a "threat,"[5] but instead a truthful allegation in a complaint. In fact, as discussed above, the foreclosure complaint's request for relief seeks a personal judgment for deficiency only "if applicable and sought."

Moreover, Nat'l Fin. Serv.'s "particularized intention" test requires that the defendant have an intention to sue or take action against a particular debtor, which is exactly what defendant has done here by suing plaintiff in state court. Id. at 138. Far from the facts of Nat'l Fin. Serv. in which the defendant sent millions of letters to debtors threatening legal action, id., here defendant has taken a very particularized action against a single debtor. Whether there will be a deficiency between the foreclosure sale amount and the debt owed and, if there is, whether HUD will require the mortgagee to seek a deficiency judgment – because of fraud, strategic default, or another reason – does not change the nature of defendant's allegations in the foreclosure complaint.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted.

**ENTER:** **May 2, 2016**

_____
**Robert W. Gettleman**
**United States District Judge**

---

[5] § 1692e(5) provides that "The threat to take any action that cannot legally be taken or is not intended to be taken," is in violation of the FDCPA.